MICHAEL R. LOZEAU (State Bar No. 142893)
DOUGLAS J. CHERMAK (State Bar No. 233382)
Law Office of Michael R. Lozeau
1516 Oak Street, Suite 216
Alameda, CA 94501
Tel: (510) 749-9102
Fax: (510) 749-9103 (fax)
E-mail: mrlozeau@lozeaulaw.com

ANDREW L. PACKARD (State Bar No. 168690)
MICHAEL P. LYNES (State Bar No. 230462)
Law Offices of Andrew L. Packard
319 Pleasant Street
Petaluma, CA 94952
Tel: (707) 763-7227
Fax: (415) 763-9227
E-mail: andrew@packardlawoffices.com

Attorneys for Plaintiff
CALIFORNIA SPORTFISHING
PROTECTION ALLIANCE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, a non-profit corporation,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>AARON METALS COMPANY, a corporation.<br><br>　　　　Defendant. | Case No.  3:07-cv-3547-WHA<br><br>**PLAINTIFF'S CASE MANAGEMENT STATEMENT**<br><br>Conference: October 17, 2007<br>Time: 2:00 PM<br>Courtroom: 9 |

Plaintiff California Sportfishing Protection Alliance ("CSPA") submits the following Case Management Statement:

**1.　Jurisdiction and Service**

The Court has subject matter jurisdiction over the parties and the subject matter of this action pursuant to Section 505(a)(1)(A) of the federal Clean Water Act (the "Act"), 33 U.S.C. § 1365(a)(1)(A) and 28 U.S.C. § 1331 (an action arising under the laws of the United States).  Plaintiff

has not yet served defendant Aaron Metals Company ("Aaron Metals") in order to facilitate the parties ongoing settlement negotiations. The deadline for service is November 6, 2007.

**2.    Facts**

On or about March 18, 2007, CSPA provided Aaron Metals a notice of Defendant's violation of the Act, alleging that Aaron Metals violated the terms of the General National Pollutant Discharge Elimination System ("NPDES") Permit for Storm Water Discharges from Industrial Activity issued by the California State Water Resources Control Board ("SWRCB") at Aaron Metals' non-ferrous scrap metal recycling facility located in Oakland, California. In that notice CSPA, indicated its intention to file suit against Aaron Metals, and contemporaneously provided such notice to the Administrator of the United States Environmental Protection Agency ("EPA"), the Administrator of EPA Region IX, the Executive Director of the State Water Resources Control Board ("State Board"), and to the Executive Office of the Regional Water Quality Control Board, San Francisco Bay Region ("Regional Board").

After sixty days had passed since notice was served on the Defendant and the state and federal agencies, CSPA filed its complaint alleging that Aaron Metals' Oakland facility discharges storm water into waters of the United States without applying certain requisite pollution control technologies and which exceed certain water quality standards and benchmark levels established by the EPA. CSPA also claims that Aaron Metals failed to perform certain requirements of the NPDES General Permit relating to the adequacy of its storm water pollution prevention plan and monitoring. Based upon these allegations, CSPA seeks civil penalties and injunctive relief.

**3.    Legal Issues**

Because CSPA has not yet served Aaron Metals, it is not yet clear what, if any, legal issues may arise. The points of law in this action concern the federal Clean Water Act. Section 301(a) of the Act, 33 U.S.C. § 1311(a), prohibits the discharge of any pollutant into waters of the United States, unless such discharge is in compliance with various enumerated sections of the Act. Among other things, Section 301(a) prohibits discharges not authorized by, or in violation of, the terms of an NPDES permit issued pursuant to Section 402 of the Act, 33 U.S.C. § 1342. Section 402(p) of the

Act establishes a framework for regulating municipal and industrial storm water discharges under the NPDES program. 33 U.S.C. § 1342(p). States with approved NPDES permit programs are authorized by Section 402(p) to regulate industrial storm water discharges through individual permits issued to dischargers or through the issuance of a single, statewide general permit applicable to all industrial storm water dischargers. 33 U.S.C. § 1342(p).

Pursuant to Section 402 of the Act, 33 U.S.C. § 1342, the Administrator of the U.S. EPA has authorized California's State Board to issue NPDES permits including general NPDES permits in California. The State Board elected to issue a statewide general permit for industrial storm water discharges. The State Board issued the General Permit on or about November 19, 1991, modified the General Permit on or about September 17, 1992, and reissued the General Permit on or about April 17, 1997, pursuant to Section 402(p) of the Clean Water Act, 33 U.S.C. § 1342(p). In order to discharge storm water lawfully in California, industrial dischargers must comply with the terms of the General Permit or have obtained and complied with an individual NPDES permit. 33 U.S.C. § 1311(a). CSPA claims that Aaron Metals has not complied with the terms of this permit.

**4.     Motions**

On October 11, 2007, CPSA filed a motion to Extend the Initial Case Management Conference. On October 17, 2007, the motion was denied.

**5.     Amendment of Pleadings**

Aaron Metals has not yet been served with the Complaint and the parties are presently engaged in settlement negotiations. At this time, CSPA does not intend to amend the Complaint.

**6.     Evidence Preservation**

No steps have been taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.     Disclosures**

As Defendant has not been served, no initial disclosures have been made.

**8.     Discovery**

No discovery has been taken in this action. The parties have discussed a proposed discovery

PLAINTIFF'S CASE MANAGEMENT STATEMENT                Case No. 3:07-cv-3547-WHA

3

plan and, because the parties believe that a settlement of the matter is imminent, would request that the Court defer setting discovery deadlines until December 20, 2007 in order for the parties to focus their resources on completing a settlement.

**9.    Class Action**

This action is not a class action.

**10.   Related Cases**

There are no related cases or proceedings to this action.

**11.   Relief**

CSPA seeks the following relief:

    a.    Declare Defendant to have violated and to be in violation of the Act as alleged herein;

    b.    Enjoin Defendant from discharging polluted storm water from the Facility unless authorized by the Permit;

    c.    Enjoin Defendant from further violating the substantive and procedural requirements of the Permit;

    d.    Order Defendant to immediately implement storm water pollution control and treatment technologies and measures that are equivalent to BAT or BCT and prevent pollutants in the Facility's storm water from contributing to violations of any water quality standards;

    e.    Order Defendant to comply with the Permit's monitoring and reporting requirements, including ordering supplemental monitoring to compensate for past monitoring violations;

    f.    Order Defendant to prepare a SWPPP consistent with the Permit's requirements and implement procedures to regularly review and update the SWPPP;

    g.    Order Defendant to provide Plaintiff with reports documenting the quality and quantity of their discharges to waters of the United States and their efforts to comply with the Act and the Court's orders;

    h.    Order Defendant to pay civil penalties of up to $27,500 per day per violation for

all violations occurring before March 15, 2004, and up to $32,500 per day per violation for all violations occurring after March 15, 2004, for each violation of the Act pursuant to Sections 309(d) and 505(a) of the Act, 33 U.S.C. §§ 1319(d), 1365(a) and 40 C.F.R. §§ 19.1 - 19.4;

   i. Order Defendant to take appropriate actions to restore the quality of waters impaired or adversely affected by their activities; and

   j. Award Plaintiff's costs (including reasonable investigative, attorney, witness, compliance oversight, and consultant fees) as authorized by the Act, 33 U.S.C. § 1365(d).

**12. Settlement and ADR**

The parties are involved in settlement negotiations and are close to reaching an agreement. No ADR efforts have been made to date, and there is no specific ADR plan for the case.

**13. Consent to Magistrate Judge For All Purposes**

CSPA will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14. Other References**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

There are no issues that can be narrowed by agreement or by motion at the present time. CSPA has no suggestions to expedite the presentation of evidence at trial, and has no request to bifurcate issues, claims, or defenses.

**16. Expedited Schedule**

This is not the type of case that can be handled on an expedited basis with streamlined procedures.

**17. Scheduling**

Because CSPA has not yet served Defendant, as agreed to by the parties, in order to facilitate completion of the ongoing settlement negotiation, the parties have not yet discussed a discovery and trial schedule for the litigation. Given the strong likelihood of settlement, CSPA, with the

agreement of Defendant, requests that the Court defer setting a schedule for the case and schedule a second case management conference for December 20, 2007, by which date the parties either will have perfected a settlement or had an opportunity to meet and confer and file a joint case management statement proposing a detailed schedule.  To the extent that deferral is not acceptable to the Court, CSPA proposes the following schedule:

    November 6, 2007:  Deadline to complete service

    December 13, 2007:   Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file an Amended Case Management Statement

    August 1, 2008:  Designation of experts

    November 1, 2008:  Discovery cut-off

    January 15, 2009:  Deadline for filing dispositive motions

    May 15, 2009:  Final Pretrial Conference on liability phase; and

    August 15, 2009 - Trial

**18.**    **Trial**

This case will be tried to the court and the expected length of the trial is two days.

**19.**    **Disclosure of Non-party Interested Entities of Persons**

CSPA is filing the "Certification of Interested Entities or Persons" concurrently with this Case Management Statement.

**20.**    **Additional Matters**

CSPA requests that the court reschedule the date of the Case Management Conference to late December 2007, allowing the parties enough time to reach a settlement agreement and submit such agreement to the federal agencies (EPA and Department of Justice) for a mandatory 45-day review

///

///

///

PLAINTIFF'S CASE MANAGEMENT STATEMENT    Case No.  3:07-cv-3547-WHA

1 | period pursuant to 33 U.S.C. § 1365(c)(3).

3 | Dated: October 17, 2007

Respectfully submitted,

LAW OFFICE OF MICHAEL R. LOZEAU

By: _____
Douglas J. Chermak
Attorney for Plaintiff
CALIFORNIA SPORTFISHING PROTECTION ALLIANCE